IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEREMY WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-1419-W |
| | ) | |
| WARDEN ADDISON, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, appearing pro se, challenges his state court conviction under 28 U.S.C. § 2254. Doc. 1. United States District Judge Lee R. West has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has examined the petition and recommends that the court transfer the action to the United States District Court for the Eastern District of Oklahoma.

I.  **Background.**

In Pontotoc County, Oklahoma, Case No. CF-2013-633, Petitioner pleaded nolo contendere to attempted second degree robbery, conspiracy to commit a felony, possession of "CDS-meth," and "[a]ttempting to escape from

a penal institute." Doc. 1, at 1.¹ Petitioner challenges his state court conviction on grounds that: (1) the state court lacked jurisdiction based on a defective Information and his lack of mental competency, (2) trial counsel was ineffective, (3) the court denied him a direct appeal attorney, (4) newly discovered evidence discredits a witness, (5) the trial court sentenced him using a repealed sentencing range, and (6) the court improperly enhanced his sentence. *Id.* at 5-10.

## II. The appropriateness of transfer.

A petitioner challenging a state court conviction under 28 U.S.C. § 2254 may file his habeas petition in either "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him . . . ." 28 U.S.C. § 2241(d). In such circumstances, each district court "shall have concurrent jurisdiction to entertain the application." *Id.* However, "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other distric court for hearing and determination." *Id.*

Petitioner was convicted in Pontotoc County, Oklahoma, which is located in the Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b). He is

---

¹ The undersigned's page citations refers to this Court's CM/ECF pagination.

currently incarcerated at the Joseph Harp Correctional Center in Lexington, Oklahoma, which is located in Cleveland County, Oklahoma,[2] within the territorial jurisdiction of the Western District of Oklahoma. *See id.* § 116(c). So, both this Court and the United States Court for the Eastern District of Oklahoma have concurrent jurisdiction.

In a longstanding practice, Oklahoma federal courts have favored the transfer of habeas actions to the district of conviction, finding that the case's adjudication in the district court where the conviction was obtained normally best serves justice. That is where the trial court officials and records are located, and, in the event that a hearing is necessary, the State's trial counsel as well as any necessary witnesses are ostensibly available in that district. So, the undersigned recommends that the court transfer Petitioner's action to the United States District Court for the Eastern District of Oklahoma for all further proceedings.

### III. Recommendation and notice of right to object.

For the foregoing reasons, the undersigned recommends that the court transfer Petitioner's petition to the Eastern District of Oklahoma.

---

[2] The court may judicially notice that Lexington, Oklahoma is within Cleveland County, Oklahoma. *See United States v. Kelly*, 535 F.3d 1229, 1235-36 (10th Cir. 2008) ("Furthermore, 'whether an offense occurred within particular geographical boundaries is an appropriate subject for judicial notice.'" (citation and internal bracket omitted)); *see also United States v. Byrne*, 171 F.3d 1231, 1233 n.1 (10th Cir. 1999) (taking judicial notice that "the city of Clovis is located within Curry County, New Mexico").

3

The undersigned advises Petitioner that he has until February 10, 2015, in which to exercise his right to file an objection to this report and recommendation with the Clerk of this Court, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Clerk of the Court is instructed to electronically forward this report and recommendation to the Oklahoma Attorney General on Respondent's behalf at the following address: fhc.docket@oag.state.ok.us.

The undersigned notes that Petitioner paid the $5.00 filing fee, Doc. 5, which moots his application to proceed in forma pauperis, Doc. 2, and the undersigned's recommendation that the court deny his application to proceed in forma pauperis. Doc. 4. Thus, this report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 21st day of January, 2015.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE